12-4181

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

ABAYOMI COLLINS,

**COMPLAINT**

Plaintiff,

**JURY TRIAL DEMANDED**

-against-

BLOCK, J.

**ECF CASE**

THE CITY OF NEW YORK, P.O. CHRISTOPHER
TEHAN, Shield No. 29544, and P.O.s "JOHN DOE" #1-10,
Individually and in their Official Capacities, (the name John
Doe being fictitious, as the true names are presently unknown),

BLOOM, M.J.

Defendants.
-------------------------------------------------------------------------X

Plaintiff, ABAYOMI COLLINS, by his attorney, Jon L. Norinsberg, complaining of the

defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

1.      Plaintiff brings this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights,

by defendants THE CITY OF NEW YORK, and P.O.s "JOHN DOE" #1-10 ("Municipal

Defendants") as said rights are secured by said statutes and the Constitutions of the State of New

York and the United States.

**JURISDICTION**

2.      This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the

First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C.

§ 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to

Fed. R. Civ. P. 38(b).

## PARTIES

6.      Plaintiff is an African-American male and was at all relevant times a resident of the

City and State of New York.

7.      Defendant, the City of New York, was and is a municipal corporation duly organized

and existing under and by virtue of the laws of the State of New York.

8.      Defendant, the City of New York, maintains the New York City Police Department,

a duly authorized public authority and/or police department, authorized to perform all functions of

a police department as per the applicable sections of the New York State Criminal Procedure Law,

acting under the direction and supervision of the aforementioned municipal corporation, the City of

New York.

9.      At all times hereinafter mentioned, the individually named defendants, P.O.

CHRISTOPHER TEHAN, and P.O.s "JOHN DOE" #1-10, were duly sworn police officers of said

department and were acting under the supervision of said department and according to their official

duties.

10.     At all times hereinafter mentioned, the Municipal Defendants, either personally or

through their employees, were acting under color of state law and/or in compliance with the official

rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11.     Each and all of the acts of the Municipal Defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant City of New York.

12.     Each and all of the acts of the Municipal Defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant City of New York.

## FACTS

13.     On May 12, 2012 at approximately 5:00 p.m., plaintiff ABAYOMI COLLINS was lawfully inside of a white Cadillac Escalade with his friend Kola Ayilola, in the County of Kings, City and State of New York.

14.     At that time, members of the New York City Police Department pulled over the vehicle and arrested plaintiff ABAYOMI COLLINS' friend, Kola Ayilola, for allegedly operating a motor vehicle with a proper license plate.

15.     In fact, the stated reasons for this stop were utterly pretextual in nature, as defendants pulled over the subject vehicle solely based on the race of the two occupants, who are both African-American.

16.     Thereafter, defendant police officers informed plaintiff ABAYOMI COLLINS that he should pick-up his friend after an hour at the 71st Precinct, in the County of Kings, City and State of New York.

17.     As a result of the false and misleading statements made by defendant police officers, plaintiff ABAYOMI COLLINS agreed to come to the 71st Precinct to pick-up his friend.

18.     Thereafter, plaintiff ABAYOMI COLLINS came to the 71st Precinct but instead of picking-up his friend, as promised by defendant police officers, plaintiff was arrested and charged with Criminal Possession of Marijuana in the Fifth Degree.

19.     Thereafter, defendant police officers patted down plaintiff ABAYOMI COLLINS, but did not recover any contraband whatsoever.

20.     At no time on May 12, 2012, did plaintiff ABAYOMI COLLINS *ever* possess marijuana.

21.     As a result of this unlawful arrest, plaintiff ABAYOMI COLLINS, spent six (6) hours in jail, after which plaintiff was given a Desk Appearance Ticket and released.

22.     Prior to this incident, plaintiff ABAYOMI COLLINS, a case manager for thirteen (13) years with the New York City Human Resources Administration, had never before been arrested and had never had any dealings whatsoever with the criminal justice system.

23.     As a result of the foregoing, plaintiff ABAYOMI COLLINS sustained, *inter alia,* loss of liberty, loss of earnings, emotional distress, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983 AGAINST MUNICIPAL DEFENDANTS

24.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "23" with the same force and effect as if fully set forth herein.

25.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

26.     All of the aforementioned acts deprived plaintiff ABAYOMI COLLINS of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

27.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

28.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

29.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

30.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "29" with the same force and effect as if fully set forth herein.

31.     As a result of defendants' aforementioned conduct, plaintiff ABAYOMI COLLINS was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings, without any probable cause, privilege or consent.

32.     As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

33.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34.    Defendants misrepresented evidence before the District Attorney.

35.    Defendants did not make a complete and full statement of facts to the District Attorney.

36.    Defendants withheld exculpatory evidence from the District Attorney.

37.    Defendants were directly and actively involved in the initiation of criminal proceedings against ABAYOMI COLLINS.

38.    Defendants lacked probable cause to initiate criminal proceedings against plaintiff ABAYOMI COLLINS.

39.    Defendants acted with malice in initiating criminal proceedings against plaintiff ABAYOMI COLLINS.

40.    Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff ABAYOMI COLLINS.

41.    Defendants lacked probable cause to continue criminal proceedings against plaintiff ABAYOMI COLLINS.

42.    Defendants acted with malice in continuing criminal proceedings against ABAYOMI COLLINS.

43.    Defendants misrepresented evidence throughout all phases of the criminal proceedings.

44.    As a result of the foregoing, plaintiff ABAYOMI COLLINS sustained, *inter alia*, loss of liberty, loss of earnings, emotional distress, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

## FOURTH CLAIM FOR RELIEF
## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C.§ 1983

45.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "44" with the same force and effect as if fully set forth herein.

46.     The aforementioned individual defendants issued legal process to place plaintiff ABAYOMI COLLINS under arrest.

47.     The aforementioned individual defendants arrested plaintiff in order to obtain a collateral objective outside the legitimate ends of the legal process.

48.     The aforementioned individual defendants acted with intent to do harm to plaintiff ABAYOMI COLLINS, without excuse or justification.

49.     As a result of the foregoing, plaintiff ABAYOMI COLLINS sustained, *inter alia*, loss of liberty, loss of earnings, emotional distress, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

## FIFTH CLAIM FOR RELIEF
## DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL UNDER 42 U.S.C. § 1983

50.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51.     Defendant police officers created false evidence against plaintiff, ABAYOMI COLLINS.

52.     Defendant police officers forwarded false evidence and false information to prosecutors in the Kings County District Attorney's office.

53.     In creating false evidence against plaintiff ABAYOMI COLLINS, and in forwarding false information to prosecutors, defendant police officers violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth

Amendments of the United States Constitution.

## SIXTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY

54.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "53" as if the same were more fully set forth at length herein.

55.     Defendants arrested and incarcerated plaintiff ABAYOMI COLLINS in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

56.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

57.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

58.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff ABAYOMI COLLINS.

59.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff ABAYOMI COLLINS as alleged herein.

60.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff ABAYOMI COLLINS as alleged herein.

61.    As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff ABAYOMI COLLINS was incarcerated unlawfully for six hours.

62.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff ABAYOMI COLLINS.

63.    Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff ABAYOMI COLLINS' constitutional rights.

64.    The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department included, but were not limited to:

a)    Wrongfully stopping and detaining African-American males based on racial profiling, as documented in the Civilian Complaint Review Board's June 2001 study, entitled "Street Stop Encounter Report: An Analysis of CCRB Complaints Resulting From the New York Police Department's 'Stop & Frisk' Practices."

b)    Wrongfully stopping and detaining African-American males based on racial profiling, as documented in the Office of the Attorney General of the State of New York, Civil Rights Bureau's December 1, 1999 report entitled "New York City Police Department's 'Stop & Frisk'" Practices: A Report to the People of the State of New York from the Office of the Attorney General."

65.    All of the foregoing acts by defendants deprived plaintiff ABAYOMI COLLINS of federally protected rights, including, but not limited to, the right:

A.      Not to be deprived of liberty without due process of law;

B.      To be free from seizure and arrest not based upon probable cause;

C.      To be free from unwarranted and malicious criminal prosecution;

D.      Not to have cruel and unusual punishment imposed upon him; and

E.      To receive equal protection under the law.

66.      As a result of the foregoing, plaintiff ABAYOMI COLLINS is entitled to compensatory damages in the sum of one million dollars ($1,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of one million dollars ($1,000,000.00).

**WHEREFORE**, plaintiff ABAYOMI COLLINS demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs, and disbursements of this action.

Dated: New York, New York
       August 16, 2012

BY: _____

JON L. NORINSBERG (norinsberg@aol.com)
Attorney for Plaintiff
225 Broadway, Suite 2700
New York, N.Y. 10007
(212) 791-5396